**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**COREY L. SCOTT**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHELLE BUMGARNER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| A.R., | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1210-JV-810 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Marilyn A. Moores, Judge
The Honorable Scott Stowers, Magistrate
Cause No. 49D09-1207-JD-1967

**May 24, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

A.R. appeals his adjudication as a delinquent for committing two acts that, if committed by an adult, would be Class A misdemeanor battery.[1]  He alleges the State presented insufficient evidence to support his adjudication.  We disagree and affirm.

## FACTS AND PROCEDURAL HISTORY

On July 18, 2012, A.R. was in the home of his father and step-mother.  The three of them were discussing a plan suggested by a therapist to deal with some of A.R.'s behavior problems when A.R. became angry, went upstairs to his room, and slammed the door closed.  A.R. then opened the door and threw a baby gate in the direction of his father, who had also gone upstairs.  As his father turned and walked down the stairs, A.R. ran at his father "full force," (Tr. at 7), and pushed him, causing his father to fall down the stairway.  A.R. ran down the stairs and went "plowing into" his step-mother, (*id*. at 29), which pushed her across the room and knocked her down.  A.R.'s acts injured both father and step-mother.

Father called the police, who took A.R. into custody.  The State filed a petition alleging A.R. was a delinquent for committing acts that would be two counts of Class A misdemeanor battery if committed by an adult.  After hearing evidence, the court found the allegations true, adjudicated A.R. a delinquent, and ordered a suspended commitment to the Department of Correction.

---

[1] Ind. Code § 35-42-2-1(a)(1)(a) (battery is a Class A misdemeanor when the knowing or intentional touching of "another person in a rude, insolent, or angry manner" causes "bodily injury to any other person").

**DISCUSSION AND DECISION**

A.R. asserts the State presented insufficient evidence to support his adjudication. When reviewing the evidence to support a juvenile adjudication, we do not assess the credibility of the witnesses or reweigh the evidence. *K.W. v. State*, 984 N.E.2d 610, 612 (Ind. 2013). We look only at the evidence and reasonable inferences therefrom supporting the judgment, and we affirm if the record contained probative evidence that would allow a reasonable factfinder to infer the offense was committed. *Id*. Therefore, we may reverse only "if there is no evidence or reasonable inference to support any one of the necessary elements of the offense." *Id*.

A.R. notes: "This case amounts to the tale of two varying but credible accounts on what happened between A.R. and his parents that morning." (Br. of App. at 5.) He asserts he had "no intent to touch his father in a rude, insolent or angry manner," (*id*.), and that there was "no evidence . . . that clearly evidenced an intent to touch step-mother in a rude, insolent or angry manner." (*Id*. at 7.)

A.R.'s argument is a request for us to reweigh the evidence while viewing it in a light favorable to him, which our standard of review does not permit. *See K.W*., 984 N.E.2d at 612. Moreover, the State did not have a burden to prove A.R. "intended" to touch his father and step-mother, as both the battery statute and the delinquency petition filed against him indicated the touching could have occurred "knowingly or intentionally." (App. at 20.) *And see* Ind. Code § 35-42-2-1 (defining battery).

The testimony of father and step-mother provided evidence to support the trial court finding A.R. knowingly touched each of them in a rude, insolent, or angry manner and that each of them was injured as a result of his touching. Accordingly, we affirm his adjudication as a delinquent.

Affirmed.

BAKER, J., and MATHIAS, J., concur.